# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JANICE FAYE MURRAY,** § <br> *Plaintiff* § <br> § <br> **v.** § <br> § **CIVIL NO. 1:20-CV-0800-SH** <br> **ANDREW M. SAUL, COMMISSIONER** § <br> **OF THE SOCIAL SECURITY** § <br> **ADMINISTRATION,** § <br> *Defendant* § | |

## O R D E R

Before the Court are Plaintiff's Opening Brief, filed March 1, 2021 (Dkt. 15); Defendant's Brief in Support of the Commissioner's Decision, filed March 31, 2021 (Dkt. 16); and Plaintiff's Reply, filed April 12, 2021 (Dkt. 17). Also before the Court is the Social Security record in this case ("Tr."). Dkts. 11, 14. Pursuant to the parties' consent to trial before this Court, this case was transferred to the undersigned Magistrate Judge on January 5, 2021. Dkt. 12.

### I.  General Background

Plaintiff Janice Faye Murray was born in 1968. She completed the twelfth grade and has worked as a cafeteria worker and substitute teacher. Tr. 266-67. Plaintiff alleges that she has been disabled since May 24, 2016,[1] due to peripheral neuropathy, carpal tunnel syndrome, diabetes, high blood pressure, and depression. Tr. 82-83, 92-93.

On April 24, 2017 and July 10, 2017, respectively, Plaintiff filed applications for disability insurance benefits and supplemental security income benefits with the Social Security Administration (the "Agency"). After the Agency denied her application initially and again on

---

[1] Plaintiff amended the alleged onset date from December 20, 2015 during her administrative hearing. Tr. 48.

1

reconsideration, Plaintiff requested an administrative hearing. Administrative Law Judge Peri Collins (the "ALJ") held an administrative hearing by video conference to Austin, Texas on April 24, 2019. Plaintiff, who was represented by an attorney, and a vocational expert both testified at the hearing. On October 2, 2019, the ALJ issued a decision finding that Plaintiff was not disabled under the Act.

Plaintiff timely filed a request for review, which was denied by the Appeals Council on May 26, 2020. Plaintiff has exhausted her administrative remedies and now seeks judicial review of the administrative proceedings under the Social Security Act, 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is unable to engage in "substantial gainful activity" and therefore is disabled, the Social Security Commissioner uses a five-step analysis. In the first four steps, the claimant must prove that:

1. She is not currently engaged in substantial gainful activity;
2. Her impairment (or combination of impairments) is "severe," in that it significantly limits her physical or mental ability to do basic work activities;
3. Her impairment is medically equivalent to one of the impairments listed in Appendix 1 of the regulations; and
4. She is incapable of meeting the physical and mental demands of her past relevant work.
5. If the claimant succeeds at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education, and past work experience, that she is capable of performing other work. If the Commissioner proves other work exists which the claimant can perform, she is given the chance to prove that she cannot, in fact, perform that work.

20 C.F.R. § 404.1520; *Kneeland v. Berryhill*, 850 F.3d 749, 753-54 (5th Cir. 2017); *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Judicial review of the Commissioner's final decision under Section 405(g) is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the proper legal standards. *Salmond v. Berryhill*, 892 F.3d 812, 816-17 (5th Cir. 2018); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a mere scintilla and less than a preponderance. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)).

The reviewing court considers four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). The reviewing court may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The court may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the court finds substantial evidence to support the decision, the court must uphold it. *See* 42 U.S.C. § 405(g) "(The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Selders*, 914 F.2d at 617.

### III. ALJ Opinion

The ALJ employed the five-step sequential evaluation to determine whether Plaintiff was disabled. *See* 20 C.F.R. § 404.1520(a); Tr. 19-35. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her original alleged onset date of December 20, 2015. Tr. 25. At step two, the ALJ found that Plaintiff has the following severe impairments: lumbar degenerative disc disease; carpal tunnel syndrome; obesity; gout; polyarthropathy; diabetes mellitus with neuropathy; and hypertension. *Id.* The ALJ further found that: "The claimant's medically determinable mental impairments of depression and anxiety, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." *Id.*

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 26. At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), "except the claimant can occasionally climb, stoop, crouch, crawl, kneel, and balance. The claimant can frequently reach, handle, and finger." Tr. 27. The ALJ determined that Plaintiff had the RFC to perform her relevant past work as a teacher aide. Tr. 30. Accordingly, the ALJ concluded that Plaintiff is not disabled under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Tr. 31.

### IV. Analysis

Plaintiff asserts that the ALJ's RFC determination is not supported by substantial evidence, for two reasons:

    (1) The ALJ failed to properly weigh the opinion of Plaintiff's treating neurologist, Krishna Pokala, M.D., "and subordinated that opinion to the stale opinions of the non-examining State agency consultants"; and

    (2) After concluding that Plaintiff had mild limitations in all functional areas of the psychiatric review technique, the ALJ "failed to incorporate any mental limitations into Plaintiff's RFC without explanation."

Dkt. 15 at 9. The Commissioner asks the Court to affirm the ALJ's decision.

### A. Weight of Dr. Pokala's Opinion

Treating physician Dr. Pokala saw Plaintiff on May 7 and September 12, 2018. On the latter date, he completed a check-box form indicating that Plaintiff's diabetic peripheral neuropathy was permanently disabling. Tr. 476-77. Dr. Pokala opined that Plaintiff is able to work, with restrictions, part-time at four hours per week. Tr. 476. He indicated that Plaintiff could sit and walk for a maximum of two hours in an eight-hour workday, and could not do any standing, climbing, kneeling, squatting, bending, stooping, pushing, pulling, keyboarding, lifting, or carrying. *Id.* Dr. Pokala also indicated that Plaintiff could not lift or carry objects weighing more than ten pounds for more than two hours per day. Tr. 477.

The ALJ explained that she had considered Dr. Pokala's opinion, but found that it was "not supported by or consistent with the medical evidence of record and is not persuasive." Tr. 29. The ALJ concluded that:

> Although the evidence establishes underlying medical conditions capable of producing some pain and other limitations, the substantial evidence of record does not confirm disabling pain or other limitations arising from those impairments. The undersigned finds that the claimant experiences no greater than, at most, mild to moderate functional limitations upon the ability to perform basic work activities as described in 20 CFR 404.1521(b) and 20 CFR 921(b). Any contention to the contrary is not supported by and consistent with the objective medical evidence of record.

Tr. 30.

Plaintiff contends that the ALJ's rejection of Dr. Pokala's opinion is unsupported by substantial evidence because the ALJ failed to explain why the evidence of record did not provide adequate support for the opinion. Dkt. 17 at 1, 4. In response, the Commissioner first argues that Dr. Pokala's opinion is not supported by his own treatment notes. Both times Dr. Pokala examined Plaintiff, he found that she had normal strength and reflexes and a normal unassisted gait. Tr. 528, 637-38. The Commissioner further argues that Dr. Pokala's opinion is inconsistent with the record as a whole, which shows that Plaintiff's diabetic neuropathy does not cause disabling functional limitations. For example, the Commissioner points out that Plaintiff's primary care provider, Arjun Mohandas, M.D., on all but one occasion

> indicated that Plaintiff had normal muscle strength and tone throughout and no normal neurological findings (normal gait and station, grossly intact cranial nerves and sensation, normal reflexes, and normal coordination with no tremor), suggesting that even when showing objective signs of neuropathy, Plaintiff was fully functional (Tr. 607, 612, 692). Thus, the totality of the medical evidence is inconsistent with Dr. Pokala's opinion.

Dkt. 16 at 5.

An ALJ "generally cannot reject a medical opinion without providing an explanation for that rejection, even if good reasons exist for disregarding the opinion." *Winston v. Berryhill*, 755 F. App'x 395, 398 (5th Cir. 2018) (citing *Kneeland*, 850 F.3d at 759-61). Here, as quoted above, the ALJ did explain in her decision that: "Although the evidence establishes underlying medical conditions capable of producing some pain and other limitations, the substantial evidence of record does not confirm disabling pain or other limitations arising from those impairments." Tr. 30. The Court finds that the ALJ properly based her RFC assessment on the evidence as a whole, and that substantial evidence supports the ALJ's determination that Dr. Pokala's opinion was not persuasive because it was not supported by or consistent with the medical evidence of record.

### B.  Mental Limitations

Plaintiff also contends that this case must be remanded because the ALJ failed to explain why Plaintiff's mild mental limitations did not warrant additional limitations in Plaintiff's RFC. Dkt. 17 at 5.

Citing record evidence, the ALJ applied the regulatory psychiatric review technique (PRT) and determined that Plaintiff had no severe mental impairments because her medically determinable impairments of depression and anxiety caused no more than mild limitations in the four broad functional areas identified in 20 C.F.R. § 404.1520a(c)(3) (i.e., understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself). Tr. 25-26. As stated above, the ALJ determined that Plaintiff's "medically determinable mental impairments of depression and anxiety, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." Tr. 25.

Plaintiff argues that, when formulating a plaintiff's RFC, an ALJ must consider all limitations imposed by the claimant's impairments, including those that are not severe. Dkt. 17 at 4 (citing SSR 96-8p, 1996 WL 374184). Thus, Plaintiff argues, after completing the PRT, "the ALJ was **required** to make a broader inquiry: whether the evidence otherwise indicated that there is more than a minimal limitation in [her] ability to do basic work activities." *Id.* (quoting *Acosta v. Astrue*, 865 F. Supp. 2d 767, 789 (W.D. Tex. 2012) (internal citations omitted) (emphasis added).

The Commissioner responds that the ALJ was not required to consider the PRT findings in assessing RFC. "Rather, the PRT is a threshold inquiry used to consider and evaluate the functional consequences of mental impairments relevant to the ability to work, and to determine whether further evaluation is necessary." Dkt. 16 at 8 (citing 20 C.F.R. §§ 404.1520a(a) and 416.920a(a)). The

Commissioner argues that: "Nothing in the regulations presupposes that particular limitations must be assessed in the RFC when the ALJ makes a PRT finding of mild limitations in any area." Dkt. 16 at 8-9. The Commissioner also contends that "the non-inclusion of mental limitations in the RFC is supported by substantial evidence in this case." *Id.* at 9. The Commissioner points out that the record shows no evidence of psychiatric treatment during the relevant period; Plaintiff's depression was controlled with the anti-depressant Cymbalta; and most of Plaintiff's mental status findings of record by those treating her physical conditions either lacked indication of abnormality or affirmatively stated that she was cooperative with euthymic mood, normal affect, good judgment, and intact memory. *Id.* at 9-10.

The Agency regulations on evaluation of mental impairments state that: "If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1). They also provide that the ALJ decision "must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section." 20 CFR § 404.1520a(e)(4).

Here, the ALJ found that Plaintiff's limitation in each of the four functional areas is mild, supporting the conclusion that her impairment is not severe. There is substantial evidence that supports this finding, and the evidence does not indicate that Plaintiff's mental limitations create "more than a minimal limitation in [her] ability to do basic work activities." In addition, although she did not elaborate, the ALJ stated that "the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." Tr. 26.

The same day that Plaintiff filed her reply brief, the Fifth Circuit Court of Appeals issued *Jeansonne v. Saul*, --- F. App'x ----, No. 20-30570, 2021 WL 1373965 (5th Cir. Apr. 12, 2021). Although unpublished, *Jeansonne* addresses in detail an ALJ's analysis of mild mental limitations. The court found that substantial evidence supported a finding that the claimant's non-severe anxiety and depression did not significantly affect her ability to work. *Id.* at *4. Therefore, the ALJ did not err in declining to consider her mental impairments for the RFC, which assesses "all the relevant evidence of an individual's *ability to do work-related activities*." *Id.* (quoting SSR 96-8p, 1996 WL 374184, at *5); *see also Bessey v. Berryhill*, No. 1:18-CV-000078-AWA, 2019 WL 1431599, at *4 (W.D. Tex. Mar. 29, 2019) ("Given that Plaintiff's mental impairment did not result in functional limitations, the ALJ properly omitted them from Plaintiff's RFC.").

The undersigned reaches the same conclusion here. Because the evidence supports a finding that Plaintiff's mild mental limitations do not significantly affect her ability to work, the ALJ was not required to consider the PRT findings in assessing RFC.

## V.  Conclusion

The Court **AFFIRMS** the decision of the Social Security Commissioner.

**SIGNED** on August 22, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE